UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALINA C. COLLINS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-1629-JMS-TAB |
| | ) | |
| BOWMAN, HEINTZ, BOSCIA & | ) | |
| VICIAN, P.C., | ) | |
|     Defendant. | | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S VERIFIED MOTION
TO ENFORCE AWARD OF FEES AND COSTS AGAINST DEFENDANT**

**I.     Introduction**

Plaintiff's motion to enforce an award of fees and costs asks the Court to reconsider its prior decision holding defense counsel Robert Stochel responsible for an award of $8,130 in attorney's fees and $123.07 in costs. Plaintiff now seeks to hold Stochel's client responsible because Stochel allegedly failed to pay. Motions for reconsideration, however, are only appropriate in limited circumstances, and Plaintiff's belated attempt to hold the client responsible does not present one of those circumstances. The Magistrate Judge recommends that Plaintiff's motion to enforce the award of fees and costs [Docket No. 58] be denied.

**II.    Discussion**

On March 8, 2012, the Magistrate Judge issued a report and recommendation on Plaintiff's motion to enforce a settlement agreement and recommended Plaintiff's counsel be "awarded $8,130 in attorney's fees and $123.07 in costs, to be paid by Stochel within 28 days of the adoption of this recommendation." [Docket No. 56 at 7.] Stochel was deemed responsible

1

for paying the fees because "the regrettable 'perfect storm' of events that Stochel relates is a maelstrom of his own, the consequences of which the Court cannot rightfully require his client to weather." [*Id.* at 6.]

Plaintiff did not object to the report and recommendation, which the District Judge adopted in its entirety on April 4, 2012. [Docket No. 57.] On May 30, 2012, Plaintiff filed a motion to enforce the award of fees and costs against Defendant because Stochel apparently has not paid any of the award and has not responded to Plaintiff's requests for payment. [Docket No. 58 at 2.] Plaintiff also argues that while Stochel's conduct "led to much of the additional fees and costs incurred by Plaintiff," Defendant had a much better opportunity to prevent its attorney's malfeasance. [*Id.*]

The report and recommendation, however, already addressed whether the client or Stochel should be responsible for paying the fees and costs. [Docket No. 56 at 6.] By asking the Court to depart from its decision and hold the client responsible for fees and costs, Plaintiff is asking the Court to reconsider its decision. When a court is asked to reconsider a prior decision, that motion should be construed as a motion for reconsideration. *Broaddus v. Shields*, 665 F.3d 846, 860 n.5 (7th Cir. 2011); *Willis v. Williams*, No. 10-01018, 2010 WL 4919671, at *1 (C.D. Ill. Nov. 29, 2010). Although Plaintiff did not style her motion as a motion for reconsideration, the Court looks to the substance of the motion and not the label or form. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Martin v. Fort Wayne Police Dep't*, No. 1:09-CV-74-TLS, 2011 WL 4861856, at *1 (N.D. Ind. Oct. 13, 2011). Thus, Plaintiff's motion should be construed as a motion for reconsideration.

"It is well established that a motion to reconsider is only appropriate where a court has

misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus*, 665 F.3d at 860. Plaintiff's motion does not present any of these limited circumstances.

    The basis for Plaintiff's reconsideration request is the mere fact that Stochel has not complied with the order and paid Plaintiff's counsel the award of fees and costs. [Docket Nos. 58, 60.] This does not constitute the type of new evidence that the reconsideration standard envisions. New evidence refers to evidence that existed at the time the original motion was filed, but could not have been presented. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."). Stochel's failure to pay—while particularly regrettable for a member of the bar who should be especially mindful of legal obligations—is more akin to a change in circumstances following the Court's decision. This is an insufficient basis for the Court to reconsider its decision. *See Harris v. City Colls. of Chi.*, 316 F. App'x 496, 498 (7th Cir. 2009) (stating that changed circumstances are not an appropriate basis for reconsideration); *Cincinnati Ins. Co. v. Greene*, No. 1:10-CV-0370-JMS-DML, 2012 WL 1802325, at *2 n.2 (S.D. Ind. May 17, 2012) (discussing a settlement agreement that occurred subsequent to a court decision and concluding that "changed circumstances are not the proper basis for a motion to reconsider."); *United Auto Ins. Co. v. Veluchamy*, 747 F. Supp. 2d 1021, 1024 (N.D. Ill. 2010) ("There are obvious institutional considerations that should preclude a court from being willing to set aside an opinion that one of the parties finds adverse to its interests, even though changed

circumstances have made the rulings inconsequential . . . .").

Plaintiff also contends that the client was in a better position to prevent Stochel's misconduct, but Plaintiff waived that argument by failing to object to the report and recommendation. [*See* Docket No. 56 at 7 ("Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause of such failure.").] *See also Wiater v. Shalala*, 993 F.2d 1550 (7th Cir. 1993) (unpublished) ("Failure to object to the magistrate judge's report and recommendation deprives the district court of the initial opportunity to rule on disputed issues and waives all arguments."). Motions for reconsideration simply "do not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see also Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (explaining that a motion to reconsider "may not be used to raise novel legal theories that a party had the ability to address in the first instance."). In any event, Plaintiff fails to develop her argument and explain how the client was in a better position to prevent Stochel's misconduct. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (citing a litany of cases finding that perfunctory, undeveloped, and conclusory arguments are deemed waived). Accordingly, Plaintiff has not provided the Court with a sufficient basis to consider her belated arguments or otherwise hold the client responsible for the award of fees and costs.

### III.     Conclusion

For the reasons above, the Magistrate Judge recommends that Plaintiff's motion to enforce the award of fees and costs [Docket No. 58] be denied.  Any objections to the Magistrate Judge's report and recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Dated:   08/09/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

Robert E. Duff
INDIANA CONSUMER LAW GROUP
THE LAW OFFICE OF ROBERT E. DUFF
robert@robertdufflaw.com

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslawyer.com

Glenn S. Vician
BOWMAN, HEINTZ, BOSCIA & VICIAN
glennsvician2@bhbvonline.com